IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EUGENE GAGE, | No. 2:25-cv-3154-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JANAN CAVAGNOLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 6.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not find the required exceptional circumstances. Plaintiff argues that the appointment of counsel is warranted because (1) he is indigent; (2) he is incarcerated; (3) he is not a trained attorney and is therefore unable to handle complex legal matters; (4) he is in declining health; (5) the matter will involve routine pretrial motions that require competent counsel; and (6) he is incarcerated due to alleged deception or fraud by Defendants. The Court finds that these are not exceptional circumstances. Indigency, lack of legal education, and incarceration are common circumstances for litigants pursuing pro se civil rights actions arising from the conditions of their confinement. As to Plaintiff's health concerns, Plaintiff does not assert how his declining health has affected his ability to properly articulate his claims. Plaintiff's remaining arguments essentially restate that he is indigent, untrained, and incarcerated. As described above, these are common circumstances for litigants pursuing pro se civil rights actions.

A review of the complaint suggests that the issues involved in this case are neither legally nor factually complex. Furthermore, Plaintiff's complaint demonstrates sufficient writing ability and legal knowledge to articulate a claim on his own. Finally, at this early stage of the proceedings before the complaint has been screened or found appropriate for service, the Court cannot find that Plaintiff has established a likelihood of success on the merits.

///

///

///

///

///

1  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the
2  appointment of counsel, ECF No. 6, is denied.

4  Dated: November 24, 2025

                                              DENNIS M. COTA
                                              UNITED STATES MAGISTRATE JUDGE