**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KENNETH EUGENE GAGE,

Plaintiff,

v.

JANAN CAVAGNOLO, et al.,

Defendants.

No.  2:25-cv-3154-DJC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.  See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Janan Cavagnolo, the Warden at California State Prison – Solano; and (2) Jeffrey Macomber, Secretary of the California Department of Corrections and Rehabilitation.  See ECF No.1, pg. 2.  Plaintiff contends his continued incarceration in state prison is unlawful because there is no valid judgment of conviction against him.  See id. at 2-3.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994).

The Court finds that Plaintiff's civil rights action is barred because success on the merits of his claim that his continued incarceration is invalid due to lack of a judgment of conviction necessarily implies the invalidity of Plaintiff's underlying conviction.  The Court further finds that recharacterizing Plaintiff's complaint as a habeas corpus petition would be futile because his claim has already been addressed and rejected on two separate occasions by the United States District Court for the Northern District of California.  Plaintiff filed a habeas corpus

petition in the Northen District in 2023.  See Gage v. Matteson, N. Dist. Cal. case no. 23-cv-2395-HSG (Gage I).  In Gage I, Plaintiff claimed that his incarceration was invalid because the trial court never entered a judgment of conviction.  The District Judge rejected this claim as not cognizable because federal habeas relief is not available for claims based on errors of state law.  In 2024, Plaintiff filed a second habeas petition in the Northern District.  See Gage v. People, N. Dist. Cal. case no. 24-cv-2100-HSG (Gage II).  The District Judge dismissed Gage II as an improper second or successive petition.

Because it is not possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends as follows:

1.    This action be dismissed with prejudice.

2.    All pending motions, ECF Nos. 5 and 13, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 14, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3